

*United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*



Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

February 5, 2015

Deirdre Purdy
407 Jarvis Road
Chloe WV 25235

      Re:  United States v. Steven Anthony Major
           Criminal No. 2:14-00077 (USDC SDWV)

Dear Ms. Purdy:

    This will confirm our conversations with regard to your client, Steven Anthony Major (hereinafter "Mr. Major"). As a result of these conversations, it is agreed by and between the United States and Mr. Major as follows:

    1.  **PENDING CHARGES.** Mr. Major is charged in a four-count indictment. Counts One through Four charge Mr. Major with a violation of 18 U.S.C. § 115(a)(1)(B) (threatening a United States official).

    2.  **RESOLUTION OF CHARGES.** Mr. Major will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. § 115(a)(1)(B). Following final disposition, the United States will move the Court to dismiss Counts One, Three, and Four in Criminal No. 2:14-00077 as to Mr. Major.

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Major will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of up to ten years;

    (b)  A fine of $250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

                                                                 Defendant's
                                                                 Initials

Deirdre Purdy
February 5, 2015          Re: Steven Anthony Major
Page 2

    (c)    A term of supervised release of three years; and

    (d)    A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4.    **SPECIAL ASSESSMENT**. Mr. Major has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Major agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5.    **PAYMENT OF MONETARY PENALTIES**. Mr. Major agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Major further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

6.    **COOPERATION**. Mr. Major will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Major may have counsel present except when appearing before a grand jury.

7.    **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Mr. Major, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any

_____
Defendant's Initials

Deirdre Purdy
February 5, 2015            Re: Steven Anthony Major
Page 3


evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Major for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Major for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Major stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Major agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Major or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Major knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.


_____
             Defendant's
             Initials

Deirdre Purdy
February 5, 2015                Re: Steven Anthony Major
Page 4

    The United States and Mr. Major understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Major knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

    Mr. Major also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Major knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

_____
Defendant's Initials

```
Deirdre Purdy
February 5, 2015                    Re: Steven Anthony Major
Page 5
```

12.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

   (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

   (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

   (c)   Respond to questions raised by the Court;

   (d)   Correct inaccuracies or inadequacies in the presentence report;

   (e)   Respond to statements made to the Court by or on behalf of Mr. Major;

   (f)   Advise the Court concerning the nature and extent of Mr. Major's cooperation; and

   (g)   Address the Court regarding the issue of Mr. Major's acceptance of responsibility.

13.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Major violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

```
                                          _____
                                              Defendant's
                                                Initials
```

Deirdre Purdy
February 5, 2015                      Re: Steven Anthony Major
Page 6

    14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Major in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Major in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                                       R. BOOTH GOODWIN II
                                       United States Attorney

                     By: _____
                                       C. HALEY BUNN
                                       Assistant United States Attorney

CHB/dlr

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 6-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____      2-7-15
Steven Anthony Major                           Date Signed
Defendant

_____      2-7-2015
Deirdre Purdy                                  Date Signed
Counsel for Defendant

```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                          CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL NO. 2:14-cr-00077

**STEVEN ANTHONY MAJOR**

### STIPULATION OF FACTS

The United States and Steven Anthony Major (hereinafter "Mr. Major") stipulate and agree that the facts comprising the offense of conviction (Count 2 in the Indictment in the Southern District of West Virginia, Criminal No. 2:14-00077) and the relevant conduct for that offense, include the following:

On March 17, 2014, while in Huntington, Cabell County, West Virginia, Mr. Major called the Washington, D.C. office of Joseph Manchin, III, United States Senator representing the State of West Virginia (hereinafter "Senator Manchin"), and left a voice message identifying himself and saying that Senator Manchin was a "dead man." In the message, Mr. Major also told Senator Manchin to leave West Virginia and not return.

The next day, on March 18, 2014, while in Huntington, Mr. Major called Senator Manchin's office in Charleston, Kanawha County, West Virginia, and left another voice message telling Senator Manchin to leave West Virginia. Mr. Major said that Senator Manchin and his family would have "bullets in their brain [sic]."

On March 20, 2014, Mr. Major called Senator Manchin's Charleston office and his Washington, D.C. office and left two additional voice messages. In the messages, Mr. Major said that Senator Manchin's wife and children were "done" and that Senator Manchin was "dead." Mr. Major again directed Senator Manchin to leave West Virginia and not return. At the time he made these calls, Mr. Major was in Charleston, West Virginia.

Mr. Major made all four calls with the intent to impede, intimidate, or interfere with Senator Manchin's performance of his official duties as a United States Senator.

This Stipulation of Facts does not contain each and every fact known to Mr. Major and to the United States concerning his Involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____          2-7-15
Steven Anthony Major                     Date
Defendant

_____          2-7-15
Deirdre Purdy                            Date
Counsel for Defendant

_____          2-10-15
C. Haley Bunn                            Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2